**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD RAY RAGER,** | : | **CIVIL NO. 3:10-CV-0594** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PRISON HEALTH SERVICES, INC.,:** | | |
| **et al.,** | : | |
| **Respondents** | : | |

**MEMORANDUM**

Plaintiff Ronald Ray Rager ("Rager"), a state inmate incarcerated at the State

Correctional Institution at Retreat, Hunlock Creek, Pennsylvania ("SCI-Retreat"),

commenced this civil action on March 17, 2010.  (Doc. 1.)  The matter is presently

proceeding *via* an amended complaint filed on November 3, 2010.  (Doc. 27.)  Ripe for

disposition is a motion to dismiss the amended complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) filed on behalf of defendants Prison Health Services, Inc. ("PHS"), and

Jennifer Porta ("Porta").  (Doc. 30.)  For the reasons set forth below, the motion will be

granted.  In addition, the complaint against Dr. Nebloni ("Nebloni") will be dismissed

pursuant to Federal Rule of Civil Procedure 4(m) due to Rager's failure to effect service on

him within 120 days of the filing of the amended complaint.

I.    **Motion to Dismiss**

    A.    **Allegations of the Amended Complaint**[1]

    In February of 2008, while incarcerated at SCI-Retreat, Rager began experiencing pain in his groin area and, upon self-examination, he discovered a lump. (Doc. 27, at 5, ¶¶ 14-15.) On February 22, 2008, he was examined by physician's assistant defendant Porta. (Id. at ¶ 17.) During the exam, he informed defendant Porta about the lump in his groin area. Defendant Porta ordered an ultrasound and it was discovered that Rager had "two epidydmal cysts." (Id. at ¶¶ 18-19.) Defendant Porta prescribed Ibuprofen for pain. (Id. at ¶ 20.)

    The pain persisted and worsened. (Id. at ¶ 21.) He returned to sick call on March 11, 2008, at which time defendant Porta ordered a second ultrasound. (Id. at ¶ 22.) According to Rager, the results of the second ultrasound revealed that the cysts were not malignant. (Id. at ¶ 23.) "Despite [my] efforts to obtain treatment to either remove the cysts or ease the pain, treatment was not approved due to the fact that the cysts were not malignant." (Id. at ¶ 29.) He contends that the denial of any type of procedure to shrink or remove the cysts subjects him to constant and unbearable pain. (Doc. 27, at 6, ¶ 30.)

    Rager has a bladder control problem which requires him to wear adult diapers. (Doc. 27, at 4, ¶ 1.) On his initial intake into the Pennsylvania Department of Corrections, he was issued washable and disposable adult diapers, plastic underwear to wear over them, and protective underwear. (Id. at ¶ 2.) In November 2009, while incarcerated at SCI- Retreat,

---

[1]Only those allegations pertinent to the moving defendants will be set forth.

the Health Care Administrator discontinued the adult diapers and replaced them with C-Fold paper towels.  (<u>Id.</u> at ¶ 8.)  He has made several requests to be provided with the rescinded supplies and all requests have been denied.  (<u>Id.</u> at ¶¶ 10-13.)

### B.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); <u>see also</u> <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 232 (3d Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  <u>See</u> FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is

entitled to relief"); <u>Ashcroft v. Iqbal</u>, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868

(2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant

unlawfully-harmed-me accusation"); <u>Twombly</u>, 550 U.S. at 555 (requiring plaintiffs to allege

facts sufficient to "raise a right to relief above the speculative level").  Thus, courts should

not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken

as true) to suggest the required element.  This does not impose a probability requirement at

the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 234

(quoting <u>Twombly</u>, 550 U.S. at 556).

Courts are cautioned that because of this liberal pleading standard, a plaintiff should

generally be granted leave to amend before dismissing a claim that is merely deficient. <u>See</u>

<u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>Shane v. Fauver</u>, 213

F.3d 113, 116-17 (3d Cir. 2000).  The federal rules allow for liberal amendments in light of

the "principle that the purpose of pleading is to facilitate a proper decision on the merits."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).

However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad

faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  <u>See</u> <u>Foman</u>, 371

U.S. at 182;  <u>see also</u> <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204-05 (3d Cir. 2006) (stating

that "leave to amend must generally be granted unless equitable considerations render it

otherwise unjust"); <u>see also</u> <u>Long v. Wilson</u>, 393 F.3d 390, 400 (3d Cir. 2004) (stating

"absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a)

4

unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

### C.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Merely private conduct, no matter how discriminatory or wrongful is excluded from the reach of § 1983. Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

Additionally, "[a] defendant in a civil rights action must have personal involvement in

the alleged wrongs. . . .  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003).  Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  Rode, supra. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  Rode, 845 F.2d at 1208.

     1.     PHS

     The claim against PHS must be dismissed.  Rager fails to allege the existence of any policy or custom that deprived him of his constitutional rights.  Liability cannot be based on respondeat superior liability alone.  It is well-settled that:

> A private health care provider acting under color of state law, . . . , can be liable under § 1983 for Eighth Amendment violations stemming from inadequate medical treatment of prisoners.  Such liability cannot rest on respondeat superior alone, however, but instead must be based on some policy, practice, or custom within the institution that caused the injury. Thus, to survive a motion for summary judgment, a plaintiff must present evidence of a policy, practice, or custom which caused or exacerbated a serious medical need and was instituted with deliberate indifference to the consequences.

> For the purposes of § 1983 analysis, a policy is made when a decision-maker with final authority to establish such a policy issues an official proclamation, policy or edict.  A custom, on the other hand, "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  As a result, custom can be established' by "proof of knowledge and acquiescence." Under the Estelle test, deliberate indifference can be shown in the instant case if there is an established policy or custom that caused [the prison health care

> provider] to intentionally deny or delay access to necessary medical treatment
> for non-medical reasons, or if officials intentionally interfered with a course
> of treatment once prescribed.

Johnson v. Stempler, No. 00-711, 2007 WL 984454,  at *4 (E.D. Pa. Mar. 27, 2007) (internal

citations omitted).  Rager makes no such allegations and seeks to sue PHS solely as the entity

responsible for providing health care. Therefore, the deliberate indifference to medical care

claim against PHS must be dismissed for failure to state a claim for which relief may be

granted.  See Riddick v. Modeny, 250 F. App'x. 482, 483-84 (3d Cir.2007) (affirming district

court's granting of private health care provider's motion to dismiss under Rule 12(b)(6),

where court found "absent any allegation from which the court could infer Prison Health

Services's direct involvement in the alleged deprivation of his constitutional rights, it was not

liable on a theory of *respondeat superior*." ).

   2. Porta

  To demonstrate a prima facie case of Eighth Amendment cruel and unusual

punishment based on the denial of medical care, plaintiff must establish that defendants acted

with deliberate indifference to his serious medical needs.  Estelle v. Gamble, 429 U.S. 97,

104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  There are two components

to this standard:  First, a plaintiff must make an "objective" showing that the deprivation was

"sufficiently serious," or that the result of the defendant's denial was sufficiently serious.

Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a

sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also

Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).  The "deliberate indifference to

serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, when the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an  intentional refusal to provide that care.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Corr. Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

It is clear from the allegations of the amended complaint that defendant Porta provided Rager with adequate medical care. Rager was seen by Porta on two occasions for complaints of pain in the groin area.  On the first occasion, Porta conducted an examination, ordered an ultrasound and prescribed pain medication.  On the second visit, Porta ordered a second ultrasound.  At no time did she deprive Rager of medical care.  Consequently, the complaint will be dismissed as to defendant Porta.  Affording Rager the opportunity to amend as to this defendant would be futile as it is evident that he is dissatisfied with the course of treatment received as opposed to being denied treatment.

## II.    **Rule 4(m) Dismissal**

Rager filed his amended complaint on November 3, 2010.  (Doc. 27.)  The court issued an order directing the United States Marshal's Service to serve the amended pleading on newly named defendants Nebloni and Kaspyzk.  (Doc. 34.)  On January 24, 2011, the waiver of service was returned unexecuted as to Nebloni.  (Doc. 35).  "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).  Because the

expiration date of the 120 day period was approaching, on March 1, 2011, Rager was

directed to provide additional information concerning Nebloni, for purposes of effecting

service, or suffer dismissal of the claim against him for failure to timely serve the amended

complaint.  (Doc. 36.)  No additional information about Nebloni was provided to the court.

Consequently, Nebloni will be dismissed from this action pursuant to Federal Rule of Civil

Procedure 4 (m).

**III.    Conclusion**

Based on the foregoing, the motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) filed on behalf of defendants PHS and Porta will be granted.  In addition,

the amended complaint against Nebloni will be dismissed without prejudice pursuant to

Federal Rule of Civil Procedure 4(m).

An appropriate order follows.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:    April 28th, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD RAY RAGER,** | : | **CIVIL NO. 3:10-CV-0594** |
| **Plaintiff,** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **PRISON HEALTH SERVICES, INC.,** | : | |
| **et al.,** | : | |
| **Respondents** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**ORDER**

**AND NOW**, to wit, this 28th day of April 2011, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1.  The motion to dismiss the amended complaint (Doc. 30) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendants Prison Health Services, Inc., and Jennifer Porta, is GRANTED. The amended complaint against defendants Prison Health Services, Inc, and Jennifer Porta, is DISMISSED. The Clerk of Court is directed to TERMINATE these defendants.

2.  The amended complaint against Nebloni is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The Clerk of Court is directed to TERMINATE this defendant.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**